UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
Souleymane Sow,                                                        :
:
Plaintiff,                                    :
:
-v-                                  :       25-CV-1741 (AS)
:
Bryant William and Loomis Armored US LLC,                              :       ORDER
:
Defendants.                                   :
:
-----------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

    Souleymane Sow brings this action against Bryant William and Loomis Armored US LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332.

    It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). The current complaint does not do so.

    Furthermore, Sow only alleges William's state of residence, not state of citizenship. This is not enough. For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g., Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

    Accordingly, it is hereby ORDERED that, on or before **March 10, 2025**, Sow shall amend the Complaint to allege the citizenship of each constituent person or entity comprising Loomis Armored US LLC and properly alleging the citizenship of both defendants. If, by that date, Sow is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the

Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

    SO ORDERED.

Dated: March 5, 2025
       New York, New York

                          ARUN SUBRAMANIAN
                          United States District Judge